IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRINA RENEE SANDERS,

      Petitioner,                        No. CIV S-07-0154 DFL DAD P

   vs.

STATE OF CALIFORNIA, et al.,

      Respondents.                  ORDER

                              /

       Petitioner, a state prisoner proceeding through counsel, has filed a motion to hold proceedings in abeyance until the California Supreme Court issues a decision on petitioner's state habeas petition filed December 15, 2006. Respondents have filed a statement of non-opposition to petitioner's motion.

       The U.S. Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed

1  petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district
2  court has discretion to stay a mixed petition to allow a petitioner time to return to state court to
3  present unexhausted claims."). The Court cautioned, however, that "stay and abeyance should be
4  available only in limited circumstances," and "district courts should place reasonable time limits
5  on a petitioner's trip to state court and back." Id. at 277-78. The Court noted that district courts
6  should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional
7  delay or if the unexhausted claims are plainly meritless. Id. at 278.
8               In the present case, petitioner alleges that the petition before the California
9  Supreme Court "contains all of the unexhausted claims raised in this Court." (Pet'r's Mot. to
10 Hold Proceedings in Abeyance at 3). Petitioner claims that the unexhausted claims could not
11 have been exhausted sooner and maintains that her counsel, Mr. Covin, pursued the unexhausted
12 claims with reasonable diligence. Petitioner further claims that the delays in the habeas
13 investigation were beyond the control of Mr. Covin and petitioner. For example, Mr. Covin
14 attempted to reach petitioner's trial attorney, but he was non-responsive for many months due to
15 a serious health problem. He eventually responded to Mr. Covin's inquires and provided a
16 declaration in support of the unexhausted claims. (Pet'r's Mot. to Hold Proceedings in Abeyance
17 at 2). In addition, Mr. Covin spent months writing and calling hospitals where petitioner
18 previously received mental health treatment. No medical records reflecting this treatment were
19 ever uncovered, so petitioner decided to pursue unexhausted claims for which she had supporting
20 evidence. (Pet'r's Mot. to Hold Proceedings in Abeyance at 2-3). As a result, petitioner omitted
21 potential meritorious claims for ineffective assistance of counsel for failing to investigate prior
22 hospitalizations. (Pet'r's Mot. to Hold Proceedings in Abeyance at 3). Petitioner concludes that
23 she has demonstrated good cause under Rhines and these proceedings should be held in
24 abeyance. Good cause appearing, petitioner's motion to hold proceedings in abeyance will be
25 granted.
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's January 24, 2007 motion to hold proceedings in abeyance is granted;

2. Petitioner is ordered to present all unexhausted claims to the California Supreme Court in a further state habeas corpus petition to be filed within thirty days from the date of this order, if all unexhausted claims were not included in the state habeas petition filed on December 15, 2006;

3. This action is stayed and the Clerk of the Court is directed to administratively close the case;

4. Petitioner is ordered to file and serve a status report in this case on the first court day of each month;

5. Petitioner is ordered to file and serve a motion to lift the stay of this action, along with a proposed second amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition; and

6. The hearing on petitioner's motion to hold proceedings in abeyance scheduled for May 4, 2007, at 10:00 a.m. in Courtroom 27 is vacated.

DATED: April 24, 2007.

DAD:9
sand0154.sty

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE